UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:05cv-34-M**

**M & I BANK, FSB**                                                                                  **APPELLANT**

**v.**

**RUSS WILKEY, TRUSTEE**                                                          **APPELLEE**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on appeal by Appellant, M&I Bank, FSP, from the judgment of the Bankruptcy Court [DN 4]. Pursuant to 28 U.S.C. § 158(a), this Court is vested with jurisdiction to hear appeals of the United States Bankruptcy Court for the Western District of Kentucky. For the reasons set forth below, this Court **reverses** the decision of the Bankruptcy Court.

**I. STANDARD OF REVIEW**

On appeal from a bankruptcy court, a district court applies the "clearly erroneous" standard of review to findings of fact and reviews questions of law de novo. In re Gardener, 36 F.3d 551, 557 (6th Cir. 2004).

**II. BACKGROUND**

On July 31, 1997, Debtors Carl M. Vanover and Debbie S. Vanover, by a Deed of record in Deed Book 676, Page 529, in the Daviess County Clerk's Office, acquired title to a tract of land from Darrell T. Stinnett and Victoia M. Stinnett, more particularly described as follows:

> Lots Nos. 14, 15, and 16 in Block D of the Rosebud Addition to the City of Maceo, Daviess County, Kentucky, a plat of which is of record in Deed Book 114, Page 209, in the Daviess County Clerk's Office.

On September 9, 1998, the Vanovers and adjacent property owners, Billy J. and Nancy B. Whitworth, then entered into a Deed of Correction to correct errors in the boundary description between the Whitworth and Vanover properties. By the Deed of Correction of record in Deed Book 690, Page 928, in the Daviess County Clerk's Office, the Vanovers conveyed to the Whitworths the property described as follows:

> Lots Nos. 14, 15, and 16 in Block D of the Rosebud Addition to the City of Maceo, Daviess County, Kentucky, a plat of which is of record in Deed Book 114, Page 209, in the Daviess County Clerk's Office. . .

Also, by the same Deed of Correction, the Whitworths conveyed to the Vanovers a tract of land described as follows:

> Lot No. 3 of the Consolidation and Re-Survey of the Billy J. Whitworth/Carl M.Vanover et al properties, recorded on August 3, 1998 in Plat Book 27, at page 215, Office of the Daviess County Clerk, containing .550 acres, more or less

The Deed of Correction states that it was made "solely for the purpose of correcting errors in the boundary description in the deed from SECOND PARTIES to FIRST PARTIES in that deed dated July 31, 1997, of record in Deed Book 676, at page 529, Office of the Daviess County Court Clerk." This statement is somewhat confusing in that the Whitworths were not a party to the referenced deed, however, it is clear that the Deed of Correction was made to correct errors in the description of the property which the Vanovers obtained from the Stinnetts in 1997.

2

On October 18, 1999, the Vanovers executed and delivered to M&I Bank, FSB, (hereinafter "M&I") a mortgage, securing repayment of a note in the principal amount of $65,000, and granting a mortgage on property described as:

> Lots Nos. 14, 15, and 16 in Block D of the Rosebud Addition to the City of Maceo, Daviess County, Kentucky, a plat of which is of record in Deed Book 114, Page 209, in the Daviess County Clerk's Office .

Obviously, the legal description contained in the mortgage is incorrect.. When the property was originally acquired by the Vanovers in1997, it was described in this fashion, however, by virtue of the Deed of Correction and the re-survey in 1998, the Vanover property became newly described as Lot No. 3 of the Consolidation and Re-Survey of the Billy J. Whitworth/Carl M.Vanover, et al, properties.  The property's street address was correctly listed in the mortgage as 9615 Kelly Cemetery Road, Maceo.  However, instead of Kentucky, the pre-printed form listed the state as Indiana.  The mortgage was, however, properly recorded in the Clerks Office in Daviess County, Kentucky.

On April 23, 2001, the Vanovers executed and delivered to American General Finance (hereinafter "American General") a mortgage, securing repayment of a note in the principal amount of $9,000.00, and granting a mortgage on property described as:

> Lot No. 3 of the Consolidation and Re-Survey of the Billy J. Whitworth/Carl M. Vanover et al properties, recorded on August 3, 1998 in Plat Book 27, at page 215, Office of the Daviess County Clerk, containing .550 acres, more or less.

This mortgage is properly recorded in Mortgage Book 1017, Page 348, in the Daviess County Clerk's Office and it contains the correct legal description of the real estate owned by the Vanovers.

The Vanovers filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky on November 7, 2003. The Appellee, as Chapter 7 Trustee, filed a complaint against the defendants M&I and American General seeking to avoid or subordinate the mortgage given by the Vanovers to M&I and, if the mortgage was avoided, requesting a determination of the effect on the junior mortgage granted to American General. After a trial held on December 14, 2004, the Bankruptcy Court found that the M&I mortgage did not provide constructive notice to the Trustee, as a hypothetical bona fide purchaser for value, upon a reasonable search of the related real estate records. The court also held that since the Trustee was statutorily accorded the status of a bona fide purchaser for value, reformation was not an available remedy for M&I, and because of the defects in the property description, the Trustee could avoid M&I's security interest, rendering M&I a general unsecured creditor. The Trustee then was able to step into the senior priority position held by M&T over the junior mortgagee, American General.

### III.  DISCUSSION

The main issue controlling this matter is whether the Bankruptcy Court erred in finding the Trustee lacked constructive notice of the mortgage recorded in favor of M&I. If in error on constructive notice, then it would follow that the Bankruptcy Court erred in finding the mortgage to M&I should not be reformed and in allowing the Trustee to take priority over American General via provisions of 11 U.S.C. § 551.

Section 544 of the Bankruptcy Code provides, in relevant part, as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3)(2002).

Under this section, a trustee has the power to avoid any encumbrance upon real property that a hypothetical bona fide purchaser lacking constructive notice of such encumbrance could acquire. The Bankruptcy Court concluded that a hypothetical bona fide purchaser would not be charged with constructive notice of the M&I mortgage since the Grantor index referenced the old description of "Lots 14, 15 and 16 of Block D of the Rosebud Addition" instead of the new description of "Lot 3 of Consolidation and Re-survey." The Bankruptcy Court's conclusion was based on its legal determination that the Grantor/Grantee index is the sole instrument through which constructive notice can be charged to a hypothetical bona fide purchaser. The Bankruptcy Court relied on In Re Pak Builders, 284 B.R. 663 (2002), a bankruptcy case which turned on Illinois real estate law.

Kentucky real estate law appears to be contrary to that of Illinois. Constructive notice is established by mere proof that a valid interest in real property is properly recorded in the office of a county court clerk. State Street Bank & Trust Co. Of Boston Mass. v. Heck's Inc., 963 S.W.2d 626, 630 (1998). When a valid instrument is recorded it is "notice to the world" and thus, it is "of the utmost importance" that the clerk of the

county court comply with the law relating to indexing all instruments which in any manner affect the title to real estate. Seat v. Louisville & Jefferson County Land Co., 293 S.W. 986 (Ky., 1927). While the court in Seat recognized that it is only through proper indexing that a title examiner may give advice concerning a title, it held that constructive notice is provided regardless of whether the clerk has properly indexed the instrument. "If the clerk has failed to perform his duty that is a matter between him and any one who may be damaged by reason of his failure." Seat, 293 S.W. at 991. While this is not a case involving the failure of the Clerk to properly index a record, it appears that under Kentucky law constructive notice is established irrespective of the indexes. Thus, the Bankruptcy Court erred when it concluded that the Grantor index was the sole instrument through which constructive notice can be charged to a bona fide purchaser. Under Kentucky law, constructive notice is charged simply by the proper recording of a valid instrument.

The Bankruptcy Court correctly noted that the only way to defeat a Trustee's strong-arm powers is through constructive notice, citing In re Vance, 99 Fed.Appx. 25, 2004 WL 771484 (6th Cir. 2004). It is irrelevant whether the Trustee has actual notice of the mortgage's existence. The Trustee can still avoid the lien despite his actual notice of it. The question therefore, is not whether the Trustee has actual notice, but whether a hypothetical bona fide purchaser has constructive notice. Likewise, the question is not whether the Trustee is obligated to do a title examination or not. The question is simply whether the M&I mortgage was valid, properly recorded and sufficiently clear to enable

6

one to determine that it covered the subject property.

The Appellee does not argue that the M&I mortgage is invalid or that it is not properly recorded according to law. Thus, the question remains whether the mortgage is sufficient to provide constructive notice given the errors in its legal description. Kentucky allows incorrect legal descriptions of property to confer constructive notice unless, "the description is so insufficient as that the land cannot be identified." Loeb v. Conley, 169 S.W. 575, 579 (1914). Consequently, if the mortgage "furnishes on its face marks by which the land intended to be embraced in it can be identified, or marks sufficient to put an intended purchaser on notice," it is enough to put one on constructive notice. Id. A document should be enforced if the description provides enough information to gather the parties' intention "by any reasonable rules of construction." Id.

Recently, the United States Bankruptcy Court, E.D. of Kentucky, considered a situation factually similar to the one at hand. In re Rothacre, 2005 WL 1607447, at *1 (Bankr.E.D.Ky. July 8, 2005). In In re Rothacre a Trustee sought to avoid a mortgage as a bona fide purchaser because the mortgage did not include a legal description of the property within the confines of the signed document. Id. The Trustee argued only pages that appeared before the Debtors' signatures in the mortgage documents themselves could be considered in making a determination whether the mortgage provided constructive notice to third parties. Id. However, the court noted that no Kentucky statute had been cited which "requires the inclusion of a legal description of property in a mortgage, or any other instrument of conveyance." Id., at *2. The court in Rothacre concluded that the

7

reasoning of Loeb suggested "a property address is sufficient to put third parties on at least inquiry notice of a mortgagee's interest in property." Rothacre, 2005 WL 1607447, at *2.

Here, the M & I mortgage contained the address 9615 Kelly Cemetery Road, Maceo, Indiana, 42355. The only incorrect piece of information in the address is the state. At trial, appellee's expert stated that looking at the form, he would assume that the state was actually Kentucky, because it was a preprinted form used for Indiana mortgages and was, after all, filed in the Daviess County Clerk's Office. (Trial Tr. at 27). Furthermore, the property was correctly identified as being the same property that the Vanovers had acquired in 1997 from the Stinnetts. Thus, the Court concludes that the M&I mortgage, despite its erroneous legal description, contains sufficient information to provide constructive notice to the world of a lien in favor of M&I on the same property which the Vanovers acquired from Darrell and Victoria Stinnett in 1997, located at 9615 Kelly Cemetery Road in Maceo. Even though the records show that errors in the boundary description of the property obtained by the Vanovers from the Stinnetts were corrected by a Deed of Dedication over a year before the M&I mortgage was granted, resulting in a new property description, such would at least put a bona fide purchaser on inquiry notice of M&I's interest in this property. Both experts testified at trial that they would have discovered this mortgage had they looked beyond the indexes. The Bankruptcy Court's finding that M&I mortgage would not have put a hypothetical lien creditor on constructive notice is clearly erroneous since that finding is based on an

incorrect legal assumption that constructive notice can only be derived from the indexes.

Accordingly, the Bankruptcy Court also erred in finding that the M&I mortgage could not be reformed and in finding the trustee could use 11 U.S.C. § 551 to step into the priority position of the M&I mortgage. The Trustee should not have been deemed a bona fide purchaser without notice and should not have been allowed to avoid the mortgage. For this reason, reformation of the M&I mortgage is appropriate and M&I's priority position should be restored.

### IV. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is **reversed** and this matter is **remanded** for proceedings consistent with this opinion.

*Joseph H. McKinley, Jr., Judge*
*United States District Court*

September 16, 2005

cc: counsel of record

    Hon. David Stosberg, USBC Judge
    Clerk, USBC